UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22900-ALTMAN

ACCELERANT SPECIALTY
INSURANCE COMPANY,

    *Plaintiff,*

v.

HOBERG, LLC,

    *Defendant.*
_____/

## **ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT**

This is a dispute over a "marine insurance contract" (the "Policy") between our Plaintiff, Accelerant Specialty Insurance Company, and the Defendant, Hoberg, LLC, after a "project manager," Catherine Castano-Rex (the "Claimant"), was allegedly injured on a yacht insured under the Policy. Compl. [ECF No. 1] at 1, 3, 5.

The Plaintiff has now filed a Motion for Final Default Judgement (the "Motion") [ECF No. 11]. On August 1, 2025, the Clerk of Court entered default against the Defendant. *See* Clerk's Entry of Default [ECF No. 9]. And our review of the record indicates that the Defendant has indeed failed to appear, answer, or otherwise respond to the Complaint. After a careful review of the Motion, the record, and the applicable law, we now **GRANT** the Motion.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final default judgment against any party who has failed to respond to the complaint. But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default.").

Our review of the record in this case confirms that the Complaint adequately establishes our subject-matter jurisdiction under 28 U.S.C. § 1333, our personal jurisdiction over the Defendant, and the propriety of venue in this District. We also find that the Complaint sufficiently pleads a claim for declaratory judgment under 28 U.S.C. § 2201. The Plaintiff has thus satisfied the requirements for the entry of a final default judgment against the Defendant.

The Plaintiff requests a "declaratory judgement" under 28 U.S.C. § 2201. Compl. at 1; *see also* Mot. at 3 ("Insurers are not seeking damages and only a declaration."). "[A] declaratory judgement may only be issued in the case of an 'actual controversy.'" *Stevens v. Osuna*, 877 F.3d 1293, 1312 (11th Cir. 2017) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999)). The controversy "cannot be 'conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.'" *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)). "[A] plaintiff lacks standing to seek a declaratory relief if he cannot show a 'substantial likelihood' that he'll be injured in future[.]" *Williams v. U.S. Citizenship & Immigr. Servs.*, 2024 WL 5200988, at *9 (S.D. Fla. Dec. 23, 2024) (Altman, J.).

Under this standard, we find that there's an actual controversy between the parties and that the Plaintiff is entitled to the declaration it seeks. The Plaintiff pleads four counts: (1) "lack of coverage for any persons employed" (Count I), Compl. at 6, ¶¶ 23–26; (2) "breach of named operator warranty" (Count II), *id.* at 7, ¶¶ 27–32; (3) "late notice" (Count III), *id.* at 8, ¶¶ 33–38; and (4) "*uberrimae fidei*," the duty of utmost good faith (Count IV), *id.* at 8, ¶¶ 39–48. The Plaintiff is entitled to default judgment and a declaration on all four counts.

For starters, the Plaintiff pleads plausible claims in Counts I and II. *See* Compl. at 6–8. "Marine insurance contracts are governed by federal maritime law." *Quintero v. GEICO Marine Ins. Co.*, 983 F.3d 1264, 1270 (11th Cir. 2020). "Longstanding precedent establishes a federal maritime rule: Choice-of-

2

law provisions in maritime contracts are presumptively enforceable." *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 70 (2024). "[C]ourts in this District routinely enforce choice of law provisions selecting federal maritime or New York law as the law governing marine insurance policies." *Liermo v. Nat'l Cas. Co.*, 733 F. Supp. 3d 1359, 1365 (S.D. Fla. 2024) (Bloom, J.) (collecting cases).

Here, the Policy adopts the substantive law of New York. *See* Pol'y § 11 Service of Suit, Choice of Law and Forum [ECF No. 1-1] at 18 (providing that New York law governs in the absence of "entrenched" federal maritime precedent). Under New York substantive law, "an express warranty in a marine insurance policy 'must be literally complied with, and that noncompliance forbids recovery regardless of whether the omission had a causal relation to the loss.'" *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F. Supp. 2d 1244, 1257 (S.D. Fla. 2010) (Jordan, J.) (quoting *Jarvis Towing & Transp. Corp. v. Aetna Ins. Co.*, 298 N.Y. 280 (N.Y. 1948)). Our Policy expressly excludes coverage of "[b]odily injury . . . to any persons employed by a Covered Person, hired as crew or not." Compl. at 3–4, 6 (citing to Pol'y § 4(x) Exclusions to Coverage B, Third Party Liability, at 8 ("Bodily injury or death benefit to any persons employed by a Covered Person, hired as crew or not.")). The Plaintiff alleges that the "Claimant was working on the Vessel while employed by [the Defendant] whether she was considered hired crew or not," so, under the Policy, "her claim would not be covered." *Id.* ¶ 26. The Plaintiff therefore properly alleges a lack of coverage for employees, as outlined in Count I.

And because the Plaintiff alleges that the Claimant was not a "named operator" or "covered person" under the Policy—an allegation the Policy supports—the Complaint plausibly asserts a breach of an express warranty (Count II). *Great Lakes Reinsurance (UK)*, 757 F. Supp. 2d at 1258 ("Because [the claimant's son] was not a 'named operator' or 'covered person' under [the claimant's] policy, there was a breach of an express warranty."); *see also* Compl. ¶ 28 ("The Policy provides that Anders Hoberg

3

of [the Defendant] was the only named operator of the Vessel."); Pol'y at 1 ("Named Operator: Anders Hoberg[.]"). The Plaintiff is thus entitled to a default judgement on Counts I and II.

The Plaintiff is also entitled to declaratory relief for Count III. "Generally in New York, an insured's failure to give notice of a claim within the time specified in the policy will not invalidate the claim, unless the insurance company can show that is it was prejudiced by the insured's failure to give timely notice." *N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 485 F. Supp. 3d 398, 401 (S.D.N.Y. 2020) (citing N.Y. Ins. Law § 3420(a)(5)); *see also Safe Harbor Pollution Ins. v. River Marine Enters., LLC*, 593 F. Supp. 3d 82, 90 (S.D.N.Y. 2022) ("[U]nder New York law, compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer's liability." (first citing *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995); and then citing *Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 339 (N.Y. 2005))). But "one exception to this rule applies to insurance policies regarding ocean going vessels." *N.Y. Marine & Gen. Ins. Co.*, 485 F. Supp. 3d at 401. For ocean-going vessels, "the insured's failure to give notice vitiates the claim, without the need . . . to show prejudice." *Ibid.* In our case, because New York substantive law applies and the Policy covers an ocean-going vessel, *see* Compl. ¶ 10; Pol'y at 1 (same), the insured's failure to give notice of the claim within the Policy's specified framework invalidates the claim.

Even under Florida law, an "insured's failure to 'give a timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy.'" *Starr Indem. & Liab. Co. v. Rodriguez*, 495 F. Supp. 3d 1279, 185 (S.D. Fla. 2020) (Smith, J.) (quoting *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3rd DCA 1981)). "The question of whether an insured's untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis." *SFR Servs., LLC v. Hartford Ins. Co. of the Midwest*, 609 F. Supp. 3d 1287, 1291 (S.D. Fla. 2022) (Ruiz, J.) (quoting *Yacht Club on the Intercoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015) (quoting *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2d DCA

4

2014))). Under Florida law, then, we must (1) determine whether there was "timely notice"; and (2) if there wasn't, presume prejudice to the insurer—a presumption that "may be rebutted by a showing that the insurer has *not* been prejudiced by the lack of notice." *Ibid.* (cleaned up & emphasis added).

Here, the Policy expressly provides that, "[w]ithin 30 days of a loss giving rise to any claim hereunder give [the Plaintiff] written notification of the loss and its circumstances, [and] this term is a condition precedent[.]" Compl. at 5; *see also* Pol'y at 17 (same). But no one reported the loss-causing incident to the Plaintiff until March 6, 2025, "nearly a year after the Incident occurred." Compl. at 8. Florida courts regularly find that similar delays constitute untimely reporting. *See, e.g.*, *SFR Servs., LLC*, 609 F. Supp. 3d at 1292 (finding no prompt notice when the loss was reported "at least five months after the Insureds reasonably should have known of the damage and almost three years after the event allegedly causing the loss"); *Audalus v. Scottsdale Ins. Co.*, 2021 WL 7287648, at *4 (S.D. Fla. Sept. 9, 2021) (Singhal, J.) (reporting loss "two years" after the incident was too late); *PDQ Coolidge Formad, LLC, v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 849 (11th Cir. 2014) (six-month delay in reporting was untimely). Since we'd presume prejudice under these circumstances—and because the Defendant hasn't shown otherwise (much less shown up in the case)—the Plaintiff has plausibly alleged an "untimely reporting of loss" that's "sufficient to result in the denial of recovery[.]" *SFR Servs., LLC*, 609 F. Supp. 3d at 1291. Under both New York and Florida law, therefore, the Plaintiff is entitled to default judgement on Count III.

Finally, the Plaintiff is entitled to default judgement and declaratory relief as to Count IV. "The maritime doctrine of *uberrimae fidei* (*i.e.*, 'utmost good faith') requires 'that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk.'" *Clear Spring Prop. & Cas. Co. v. Wello & Mom, LLC*, 768 F. Supp. 3d 1360, 1371 (S.D. Fla. 2025) (Altman, J.) (first quoting *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000); and then citing *Great Lakes Ins. SE v. Sunset Watersports, Inc.*, 570 F. Supp. 3d 1252, 1261 (S.D. Fla. 2021) (Dimitrouleas, J.)).

5

"[A] material misrepresentation on an application for marine insurance is grounds for voiding the policy." *HIH Marine Servs., Inc.*, 211 F.3d at 1363.

Our Plaintiff has sufficiently pled that the "post-loss investigation" revealed "material facts" that were previously undisclosed. Compl. at 9. A fact is material if it "could 'possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk.'" *Great Lakes Ins. SE*, 570 F. Supp. 3d at 1261 (quoting *Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 942–43 (11th Cir. 1986)). The Plaintiff alleges that the Defendant failed to disclose that there was a "paid crew" aboard the Vessel and that the Vessel was "laid up over a period of time." Compl. at 9. The Plaintiff says that these facts were "material" because, if they had been disclosed, the Plaintiff, "or any reasonably prudent, intelligent underwriter, would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions[.]" *Ibid.* That's enough for us to conclude that the Plaintiff is entitled to a default judgement on Count IV.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Final Default Judgment [ECF No. 11] is **GRANTED**.
2. Policy No. CSRYP/2400109 is **DECLARED** void *ab initio* and the Defendant isn't entitled to coverage or a defense. So, any claims referenced in the Complaint [ECF No. 1] aren't covered.
3. Pursuant to Federal Rule of Civil Procedure 58, we'll enter final judgment separately.
4. This case shall remain **CLOSED**. All other deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on September 23, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record